**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON**

**CIVIL CASE NO. 23-123-DLB-CJS**

**UNITED STATES OF AMERICA, *ex rel.*
VALERIE ROSE**                                                                      **PLAINTIFF**


**v.**                                          <u>**MEMORANDUM ORDER**</u>


**SAINT ELIZABETH MEDICAL CENTER, *et al.***                          **DEFENDANTS**

**\*\*\* \*\*\* \*\*\* \*\*\***

This matter is before the Court on the United States' Motion to Intervene and Dismiss. (Doc. # 29). Defendants Summit Medical Group, Inc. ("Summit") and Saint Elizabeth Medical Center, Inc. ("Saint Elizabeth") (collectively "Defendants") filed a joint Response (Doc. # 33), to which the United States did not reply. Relator Valerie Rose ("Relator") also declined to respond to the United States' Motion. Also before the Court are Defendants' respective Motions for Judgment on the Pleadings. (Docs. # 25 and 26). Those Motions have been fully briefed and are ripe for consideration. (Docs. # 28, 30, and 31). For the following reasons, the United States' Motion to Intervene and Dismiss (Doc. # 29) is **granted**. Defendants' Motions for Judgment on the Pleadings (Docs. # 25 and 26) are **denied as moot** with respect to Count I and **granted** with respect to Count II.

**I.      FACTUAL AND PROCEDURAL HISTORY**

Relator filed this qui tam action under the False Claims Act ("FCA") and the Kentucky Medicare False Claims Statute, Ky. Rev. Stat. § 205.8463, on September 13,

2023, against Defendants. (Doc. # 1). Relator alleges that from March of 2020 to today, Defendants have been overreporting COVID-19 cases in order to defraud Medicare and Medicaid. (Doc. # 1 ¶¶ 34–35). Count I of the Complaint sought to recover under the FCA. (*Id.* ¶¶ 36–44). Count II of the Complaint sought to recover under Ky. Rev. Stat § 205.8463. (*Id.* ¶¶ 45–53).

On August 21, 2024, the United States filed a Notice of Election to Decline Intervention in this action. (Doc. # 16). This Court then Ordered that the Complaint be unsealed and served upon the Defendants. (Doc. # 17). Defendants both filed Answers to the Complaint on November 4, 2024 (Docs. # 21 and 23) and moved for Judgment on the Pleadings. (Docs. # 25 and 26). In their Memorandum in Support, Saint Elizabeth called into question the constitutionality of the FCA's qui tam provisions. (*See* Doc. # 25-1 at 4–9). Shortly thereafter the United States filed a Motion to Intervene and Dismiss on December 3, 2024. (Doc. # 29).

## II.    THE UNITED STATES' MOTION

### A.    The United States' Right to Intervene

The FCA provides that when the United States "elects not to proceed" with a qui tam action, the district court "may nevertheless permit the Government to intervene at a later date upon a showing of good cause." 31 U.S.C. § 3730(c)(3).[1] Here, the United States seeks to intervene so that it can move to dismiss the Complaint. (Doc. # 29-1 at 5). In order for the United States to move to dismiss a qui tam action under the FCA, it

---

[1] When this Court ordered that the Complaint be unsealed it explicitly recognized that the United States retained the right to intervene at a later date for good cause. (Doc. # 17 ¶ 5) ("The United States . . . is entitled to intervene in this action, for good cause, at any time").

must first move to intervene.  *United States, ex rel. Polansky v. Exec. Health Res., Inc.*, 599 U.S. 419, 432 (2023).

The reasons the United States gives for dismissal are that: (1) it has "serious concerns" about Relator's ability to prove a viable FCA violation; and, (2) continued litigation in a fruitless FCA claim would "impose a significant resource drain"  due to the fact that the United States would have to continue to monitor the proceedings, comply with discovery obligations, and potentially defend the constitutionality of the FCA's qui tam provisions.  (Doc. # 29-1 at 8–10).

Defendants stated that they do not object to the United States' Motion to Intervene (Doc. # 33), and ostensibly neither does Relator given that she has not responded to the United States' Motion.  The United States' proffered reasons for intervening are sufficient to establish good cause.  *See Polansky v. Exec. Health Res., Inc.*, 17 F.4th 376, 392–93 (3rd Cir. 2021) (affirming the district court's finding of good cause where the government's stated reasons included a desire to minimize costs of litigation, costs of document production, and lost attorney resources defending personnel throughout the discovery process).

### B.    The United States' Motion to Dismiss

When the United States elects to intervene in a qui tam action, it "may dismiss the action notwithstanding the objections of the person initiating the action if the person has been notified by the Government of the filing of the motion and the court has provided the person with an opportunity for a hearing on the motion."  31 U.S.C. § 3730 (c)(2)(A).  This means that the court may dismiss the action "on terms that the court considers proper."  Fed. R. Civ. P. 41(a)(2).  Here, the notice and opportunity for a hearing requirement has

been satisfied.  § 3730(c)(2)(A).  Relator has had well over three months to respond to the United States' Motion to Dismiss, but has not objected to the dismissal.  The Relator's silence leads the Court to conclude that the Relator does not oppose dismissal.

Once answers to a complaint have been filed, the standard set forth in Federal Rule of Civil Procedure 41(a)(2) becomes the appropriate standard for a district court to use when weighing the United States' motion for dismissal under § 3730(c)(2)(A). *Polansky*, 599 U.S. at 435.  "[A]n action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."  Fed. R. Civ. P. 41(a)(2).  In the FCA context, "[a] district court should think several times over before denying a motion to dismiss." *Polansky*, 599 U.S. at 437–38.  A district court's "proper terms analysis" should consider the Relator's interests. *Id.* at 437 (internal quotation marks omitted).  Although Relator has not responded to the United States' motion, it is possible that Relator has devoted substantial time and resources to this matter. *Polansky*, 599 U.S. at 437.  The United States argues that continuing this qui tam action would be a waste of resources given its "serious concerns about Relator's ability to prove a FCA violation," and the high costs and wasted resources associated with continuously monitoring these proceedings, complying with discovery obligations, and defending the FCA's constitutionality.  (Doc. # 29-1 at 8–10).

The mere possibility that a party has devoted substantial resources to a qui tam action is no reason to deny the United States' Motion to Dismiss, especially where the United States has maintained that justice would not be served by continuing this action, and substantial government resources would be fruitlessly wasted by allowing Relator to continue to pursue her claim.  (Doc. # 29-1 at 8–10).  The fact that neither Defendant

objects to the proposed dismissal also favors dismissing this action.  (Doc. # 33).  This is especially true in a situation like this one where the Relator has not opposed dismissal. Accordingly, the United States' Motion to Dismiss the Complaint is **granted** as to Count I.

## III.   DEFENDANTS' MOTIONS FOR JUDGMENT ON THE PLEADINGS

Because granting the United States' Motion to Dismiss only disposes of the FCA claim, Count I of the Complaint, the Court must now turn to Saint Elizabeth and Summit's respective Motions for Judgment on the Pleadings with respect to Relator's Kentucky law claim, Count II of the Complaint.  (Docs. # 25 and 26).

### A.   Standard of Review

The standard of review for a Rule 12(c) motion for judgment on the pleadings is the same as a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief may be granted.  *Roth v. Guzman*, 650 F.3d 603, 605 (6th Cir. 2011); *Mixon v. Ohio*, 193 F.3d 389, 399-400 (6th Cir. 1999).  Such a motion pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint.  *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996).  As the Supreme Court explained, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  This "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Id*. (quotations omitted).  The claimant must put forward enough facts that the court could reasonably infer "that the defendant is liable for the misconduct alleged."  *Id*.

In deciding a motion for judgment on the pleadings, the court must accept "all well-pleaded material allegations of the pleadings" from the non-moving party as true.  *See Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 549 (6th Cir. 2008) (citing *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007)).  However, as with a 12(b)(6) motion, this assumption of truth does not extend to "legal conclusions or unwarranted factual inferences."  *JPMorgan*, 510 F.3d at 581-82 (citation and internal quotation marks omitted).  The court may grant a Rule 12(c) motion "when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law."  *Id.* at 582.

### B.    Saint Elizabeth's Motion

Saint Elizabeth moved for Judgment on the Pleadings with respect to Relator's Kentucky law claim, arguing that there is no private cause of action under Ky. Rev. Stat. § 205.8463.  (Doc. # 26-1 at 14).  The entirety of Relator's response to this argument consists of the following two sentences: "Relator's claims are filed under federal law and no Kentucky law is required.  It is that simple."  (Doc. # 28 at 14).  Saint Elizabeth replied to Relator's statement, by reiterating its argument that there is no private right of action under Ky. Rev. Stat. § 305.8463.  (Doc. # 30 at 9).  Additionally, Saint Elizabeth argued that Relator's statement amounted to a "disavowal" of her Kentucky law claim.  (*Id.*).

The Court is not convinced that there is no private right of action under Ky. Rev. Stat. § 305.8463.  Kentucky law provides that "[a] person injured by the violation of *any statute* may recover from the offender such damages as he sustained by reason of the violation, although the penalty of forfeiture is imposed for such violation."  Ky. Rev. Stat.

§ 446.070 (emphasis added). Given this statute, it is at least conceivable that a violation of Ky. Rev. Stat. § 305.8463 could give rise to a private right of action.

However, Saint Elizabeth's argument that Relator has abandoned her Kentucky law claim is well taken. Even if a private right of action may be brought pursuant to Ky. Rev. Stat. §§ 305.8463 and 446.070, Relator has forfeited that argument. The Court takes Relator's statement that her claims are "filed under federal law" to mean that she has abandoned her Kentucky law claims.[2] (Doc. # 28 at 14). Accordingly, Saint Elizabeth's Motion for Judgment on the Pleadings is **granted**.

### C. Summit's Motion for Judgment on the Pleadings

Summit also argued that Relator abandoned her Kentucky law claims against it. (Doc. # 31 at 2). For the reasons set forth above, the Court is in agreement with Summit that Relator abandoned her Kentucky law claim against it. Accordingly, Summit's Motion for Judgment on the Pleadings is **granted.**

## IV. CONCLUSION

Thus, for the reasons articulated herein, **IT IS ORDERED** that:

(1)    The United States' Motion to Dismiss Count I (Doc. # 29) is **GRANTED**;

(2)    Defendants' Motions for Judgment on the Pleadings (Docs. # 25 and 26) is **DENIED AS MOOT** with respect to Count I and is **GRANTED** with respect to Count II;

(3)    This matter is **STRICKEN** from the Court's active docket; and

(4)    A corresponding **Judgment** will be entered contemporaneously.

---

[2]    Even if Relator's Kentucky law claim survived Saint Elizabeth's forfeiture argument, the claim would still fail because the Complaint fails to meet the requirements of Fed. R. Civ. P. 9(b). Parties alleging fraud must state with "particularity the circumstances constituting fraud . . ." Here, Relator has not specifically alleged how she was injured by the Defendants' alleged fraud, which would be required to sustain a private right of action under Ky. Rev. Stat. §§ 305.8463 and 446.070.

This 17th day of March, 2025.



Signed By:

_David L. Bunning_

Chief United States District Judge